IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSE MORA                                                                                          PETITIONER

V.                                                              CASE NO. 5:12-CV-00098-DCB-MTP

WARDEN FCC COLEMAN - LOW                                                       RESPONDENT

## REPORT AND RECOMMENDATION

This matter is before the court on the Petition for Writ of Habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Jose Mora concerning the terms of his sentence, which he asserts are based on incorrect information contained in his Presentence Report ("PSR"). Mora has filed several motions contesting his classification as a sex offender. He claims that he has a liberty interest in his prison classification and, therefore, must be afforded a due process hearing so that his sex offender status can be eliminated. In addition, Mora has moved for summary judgment and for the court to construe his petition under 28 U.S.C. § 2201. In response, the Government argues that the Petitioner's classification does not affect the duration of his confinement, but rather is a condition of his confinement and, therefore, does not entitle him to habeas relief. The Government contends that the Petitioner has failed to provide a sufficient basis for a due process hearing and further, that *res judicata* bars his claims. Having considered the record, applicable law, and submissions of the parties, the undersigned is of the opinion that Mora's *habeas* petition should be denied.

### FACTUAL BACKGROUND

Following a jury trial in the United States District Court for the Eastern District of Virginia, Josa Jesus Mora was convicted on three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and on one count of possession of

a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2).  On September 25, 2007, Mora was sentenced to 84 months in the custody of the United States Bureau of Prisons ("BOP").  *United States v. Mora*, No. 2:07-cr-00062-RAJ-JEN (E.D. Va. Sept. 25, 2007).  The sentencing court ordered that Mora be placed on supervised release for three years following his release from prison.  Under the terms of his supervised release, Mora was required to participate in a sex offender treatment program, not accept any paid or voluntary positions involving children, not possess or use online services without prior approval from a probation officer, and not have any contact with minors unless supervised by an adult and approved in advance by a probation officer.  *Id.*   In deciding on these conditions, the sentencing court considered information contained in the PSR.[1]  Mora objected to portions of the PSR relating to sex offenses.  However, the district court did not address those objections because the information objected to did not affect Mora's sentence.[2]

Mora unsuccessfully appealed his conviction to the United States Court of Appeals for the Fourth Circuit.  *See United States v. Mora*, 275 F. App'x 193 (4th Cir. 2008).  On July 30, 2008, he moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on *inter alia* his trial counsel's failure to object to the terms of his supervised release.  On June 4, 2009, the Eastern District of Virginia denied his motion.  The Fourth Circuit denied a certificate of appealability and dismissed Mora's appeal.

---

[1]The PSR was prepared by the United States Probation Office and listed that Mora had been charged with two counts of sexual battery, one of which was reduced to assault and battery and the other dismissed. *See United States v. Mora,* No. 2:07-cr-00062-RAJ-JEN (E.D. Va. Sept. 25, 2007).

[2]Under Federal Rule of Criminal Procedure 32(i)(3)(B), a sentencing court is not required to rule on a disputed portion of a PSR if the disputed matter will not affect sentencing or if the court will not consider the matter in sentencing.

On September 3, 2010, Mora moved for the Virginia district court to amend the special conditions of his supervision. He argued that because he had not been convicted as a sex offender, the conditions were erroneous. The court denied his motion. He filed two more motions with the Eastern District of Virginia challenging the terms of his release, but the motions were denied. Mora appealed. On April 30, 2012, the Fourth Circuit affirmed the district court's decision. Mora then sought relief a second time from the district court. On December 26, 2012, he moved to modify the conditions of his supervised release. The court denied that motion as well. On January 30, 2013, Mora filed a notice of appeal in the Fourth Circuit. The appellate court found no reversible error and affirmed the district court's orders.[3]

During February 2011, while incarcerated at the Federal Correctional Institution in Coleman, Florida ("FCI Coleman"), Mora filed a petition in the U.S. District Court for the Middle District of Florida for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mora requested the court to order the BOP to change his classification from a sex offender because that classification was based on inaccurate information contained in his PSR. On March 22, 2011, the Middle District of Florida dismissed Mora's petition without prejudice, finding that he could not challenge information contained in a PSR under § 2241. Mora timely appealed that decision to the Eleventh Circuit Court of Appeals.

Prior to a ruling on his appeal from the Eleventh Circuit, Mora was transferred to the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), which is located within the Southern District of Mississippi. Around that time, he filed a habeas petition in the

---

[3]The Fourth Circuit granted Mora leave to proceed *in forma pauperis,* but denied his request for appointed counsel. In addition, the court dismissed the Mora's petition stating that "this court ordinarily declines to entertain original habeas petitions filed under 28 U.S.C. § 2241 (2006), and this case provides no reason to depart from the general rule." *United States v. Mora*, No. 13-6159, 2013 WL 2421714, at *1 (4th Cir. June 5, 2013).

Southern District of Mississippi raising the same issues as those in the petition he previously filed in the Middle District of Florida which was on appeal in the Eleventh Circuit. *See Mora v. Warden FCC Yazoo City*, No. 5:11-cv-163-DPJ-FKB, 2011 WL 6749035, at *1-2 (S.D. Miss. Dec. 22, 2011). Similar to the Florida District Court, this court found that § 2241 was not the proper statute for Mora to challenge information contained in his PSR and dismissed his petition as frivolous and with prejudice. This court also dismissed the petition for lack of jurisdiction to the extent it could be interpreted as a § 2255 motion because Mora did not meet the savings clause under § 2255.[4] On March 19, 2012, the Fifth Circuit dismissed Mora's appeal for want of prosecution.

After this court ruled on Mora's petition, the Eleventh Circuit Court of Appeals entered an order on his appeal from the Middle District of Florida. In reaching its conclusion, the Eleventh Circuit liberally interpreted Mora's petition as a challenge to the execution, rather than validity, of his sentence. On May 21, 2012, the Eleventh Circuit vacated the judgment of the Middle District of Florida and remanded the case for further consideration.[5] On June 29, 2012, Mora filed an amended petition in the Middle District of Florida that was almost identical to the petition before this court in *Mora v. Warden FCC Yazoo City*, No. 5:11-cv-163-DPJ-FKB. At the time of remand, Mora was housed at FCC Yazoo City. As such, the case was transferred from the Middle District of Florida to this court.[6] On July 27, 2012, he filed a second amended

---

[4]Mora appealed this court's ruling to the Fifth Circuit Court of Appeals.

[5]The Eleventh Circuit affirmed the judgment to the extent the petition was construed as an attack on the validity of the conviction.

[6]The proper respondent is warden of the facility where the prisoner is being held because he is "'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). *See also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). According

petition [28] containing the same claims as the prior petition, but substituting as respondent the Warden of FCC Yazoo City.  According to the information provided on the BOP website, Mora was released from prison on March 22, 2013.

In the instant matter, the Petitioner has filed several motions challenging the terms of his supervised release.  The Government has responded in opposition to those motions, arguing *inter alia* that the petition should be dismissed based on *res judicata* and because the Petitioner has not stated a constitutional violation.  In response, the Petitioner argues that *res judicata* does not apply because this case was filed before *Mora v. Warden FCC Yazoo City*, No. 5:11-cv-163-DPJ-FKB and therefore, this case should take precedence.  Contrary to the Petitioner's argument, the date a case is filed does not determine whether it should be given *res judicata* effect.  Instead, the *res judicata* effect of a case is determined by looking to the issues and parties involved in that case, whether the court entering judgment had proper jurisdiction, and whether that judgment was final and on the merits.  Accordingly, the court will look to these factors to determine whether its judgment in *Mora v. Warden FCC Yazoo City*, No. 5:11-cv-163-DPJ-FKB should be given *res judicata* effect to bar the petition in this case.

## DISCUSSION

The dispositive questions in the instant habeas petition are whether the BOP incorrectly classified Mora as a sex offender based on incorrect information in his PSR and whether Mora can pursue a claim for relief from the alleged erroneous classification under § 2241.  These exact issues were already presented to and resolved by this court in *Mora v. Warden FCC Yazoo City*, No. 5:11-cv-163-DPJ-FKB.  That judgment became final with *res judicata* effect on March 19,

---

to the case docket at the Middle District of Florida, the case was transferred to this court on July 17, 2012.

2012, when the Fifth Circuit dismissed Mora's appeal for want of prosecution.

"Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999) (citing *Super Van Inc. v. San Antonio*, 92 F.3d 366, 370 (5th Cir. 1996)).  To determine the preclusive effect of a prior federal court judgment, federal courts apply federal law.  *Jackson v. FIE Corp.*, 302 F.3d 515, 529 n. 58 (5th Cir. 2002) (citing *Avondale Shipyards, Inc. v. Insured Lloyd's,* 786 F.2d 1265, 1269 n. 4 (5th Cir. 1986)).  Under Fifth Circuit precedent, *res judicata* applies if:

> (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits...If these conditions are satisfied, *res judicata* prohibits either party from raising any claim or defense in the later action that was or could have been raised...in the prior action.

*Swate v. Hartwell,* 99 F.3d 1282, 1286 (5th Cir. 1996) (citing *United States v. Shanbaum,* 10 F.3d 305, 310 (5th Cir. 1994)).  Dismissing a complaint based on lack of jurisdiction does not adjudicate the merits of the case; however, "it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (affirming the district court's dismissal under *res judicata* of a complaint raising claims that had been dismissed for lack of jurisdiction in a previously filed case); *see also Ins. Corp. of Ireland*, 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 72 L.Ed. (1982) ("It has long been the rule that principles of *res judicata* apply to jurisdictional determinations–both subject matter and personal").

The conditions for *res judicata* are fulfilled in this case.  The parties in this proceeding are identical to those in *Mora v. Warden FCC Yazoo City*, No. 5:11-cv-163-DPJ-FKB.  The petitions in both cases contain the same claims and arguments.  This court had competent

jurisdiction in the original action and the judgment in that case is final.  The ruling in *Mora v. Warden FCC Yazoo City*, was twofold: (1) that § 2241 was not the proper statute under which Mora could assert his claim and he did not meet the savings clause; and (2) that the court lacked jurisdiction to consider the petition under § 2255.  Thus, the ruling in Mora's prior case may be considered as a dismissal based on lack of subject matter jurisdiction rather than a judgment on the merits of the case.  However, under either consideration, *res judicata* or collateral estoppel applies to bar a second lawsuit on this same cause of action.[7]

As noted above, the doctrine of *res judicata* applies to jurisdictional determinations as well as rulings on the merits.[8]  Accordingly, *res judicata* precludes any argument that the BOP incorrectly classified Mora as a sex offender based on incorrect information in his PSR and any argument that Mora can pursue relief from this alleged error under § 2241.

Moreover, the doctrine of *res judicata* not only bars the actual claims raised in *Mora v. Warden FCC Yazoo City*, No. 5:11-cv-163-DPJ-FKB, but also the claims and defenses that could have been raised in the prior case.  In this regard, the Petitioner's motion for the court to construe his petition under § 2201 should be denied.  The Petitioner does not challenge the fact or duration of his confinement; therefore, as this court held in *Mora v. Warden FCC Yazoo City*, No. 5:11-cv-163-DPJ-FKB, subject matter jurisdiction does not exist under § 2241.

---

[7]This court dismissed the petition in *Mora v. Warden FCC Yazoo City* with prejudice. *See Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 534 (5th Cir. 1978) ("It is clear that a stipulation of dismissal with prejudice, or, for that matter, a dismissal with prejudice at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action").

[8]*Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 469 (5th Cir. 2013) ("Here, the district court's judgment was on the merits because the district court's decision...adjudicated the jurisdictional issues of standing and justiciability, and 'res judicata appl[ies] to jurisdictional determinations'").

The Petitioner has also moved for an injunction to prevent him from being required to attend sex offender treatment while incarcerated. According to the BOP website and Mora's subsequent filings,[9] the Petitioner has been released from prison. Therefore, his motion for an injunction appears to be moot. Further, because *res judicata* precludes this court's review of the instant petition, Mora's request for injunctive relief should be denied.

## RECOMMENDATION

In light of the foregoing analysis, the undersigned recommends that Jose Mora's Petition for Writ of Habeas Corpus pursuant to § 2241, as amended, be dismissed based on the doctrine of *res judicata*. The undersigned further recommends that the court deny Petitioner's motions for summary judgment [66][74], motion against the Government's *res judicata* claims [72], motion for an injunction [43], and motion for the petition to be construed [91] under § 2201.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendation, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Starns v. Andrews*, 524 F.3d

---

[9]*See* Doc. [103].

612, 617 (5th Cir. 2008) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)).

  SO ORDERED, this the 7th day of August, 2013.

                 **/s/MICHAEL T. PARKER**
                 UNITED STATES MAGISTRATE JUDGE