```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DISTRICT
```

JOSE MORA                                              PETITIONER

VS.                             CIVIL ACTION NO. 5:12-cv-98(DCB)(MTP)

WARDEN - FCC YAZOO CITY                                RESPONDENT


                ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation **(docket entry 105)** of Magistrate Judge Michael T. Parker, as well as petitioner's motion for injunction **(docket entry 43)**, motion for summary judgment **(docket entry 66)**, motion against government's claims of res judicata **(docket entry 72)**, amended motion for summary judgment **(docket entry 74)**, and motion for case to be construed pursuant to 28 U.S.C. § 2201 **(docket entry 91)**. Having carefully considered same, as well as the Objection to Report and Recommendation filed by the petitioner (docket entry 106), and the Response in Opposition to Petitioner's Objections, filed by respondent (docket entry 107) , the Court finds as follows:

The procedural background of this case and the applicable law, set forth in greater detail in Magistrate Judge Parker's Report and Recommendation, are adopted herein in full, but also summarized in abbreviated form for the purpose of addressing the petitioner's objections.  Following a jury trial, Mora was convicted of three counts of being a felon in possession of a firearm and one count of

possession of a stolen firearm, and was sentenced in the United States District Court for the Eastern District of Virginia.  He appealed to the Fourth Circuit Court of Appeals, which affirmed the conviction and sentence on April 25, 2008.  U.S. v. Mora, 2008 WL 1862885 (4th Cir. April 25, 2008).  Subsequently, he filed a § 2255 motion which was denied, and his appeal from the denial was also unsuccessful (both the district court and the Fourth Circuit denied Mora a certificate of appealability).  U.S. v. Mora, 2009 WL 4279730 (4th Cir. Dec. 1, 2009).  Mora then filed motions challenging the terms of his supervised release, and his appeals from the denials of those motions were unsuccessful as well.  U.S. v. Mora, 2012 WL 1484806 (4th Cir. April 30, 2012); U.S. v. Mora, 2013 WL 2421714 (4th Cir. June 5, 2013).

In February of 2011, Mora filed a § 2241 petition in the Middle District of Florida, where he was then incarcerated, requesting the court to order the BOP to change his "sex offender" classification based on inaccurate information contained in his PSR.  That petition was dismissed without prejudice on grounds that § 2241 could not be used to challenge information contained in a PSR.  Mora timely appealed that decision to the Eleventh Circuit Court of Appeals.

Prior to a ruling on his appeal from the Eleventh Circuit, Mora was transferred to the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), which is located within the

Southern District of Mississippi.  On or around November 9, 2011, he filed a habeas petition in the Southern District of Mississippi raising the same issues as those in the petition he previously filed in the Middle District of Florida (then on appeal to the Eleventh Circuit).  Like the Florida District Court, the Mississippi District Court found that § 2241 was not the proper statute for a challenge to information contained in a PSR, and dismissed Mora's petition as frivolous and with prejudice.  <u>Mora v. Warden FCC Yazoo City</u>, 2011 WL 6749035 (S.D. Miss. Dec. 22, 2011)(5:11-cv-163(DPJ)(FKB)).  The court also dismissed the petition for lack of jurisdiction to the extent it could be interpreted as a § 2255 motion, because Mora did not meet the savings clause under § 2255.  Mora appealed to the Fifth Circuit. On March 19, 2012, the Fifth Circuit dismissed Mora's appeal for want of prosecution.

After the Mississippi District Court ruled on Mora's petition, the Eleventh Circuit Court of Appeals, on May 21, 2012, entered an order on Mora's appeal from the Middle District of Florida.  The Eleventh Circuit affirmed the judgment in Mora's case to the extent that his petition was construed as an attack on the validity of the conviction.  However, the Eleventh Circuit also liberally interpreted Mora's petition as a challenge to the execution, rather than the validity, of his sentence.  The appellate court therefore vacated the judgment of the Middle District of Florida and remanded

the case for further consideration.

On June 29, 2012, Mora filed an amended petition in the Middle District of Florida that was almost identical to the petition before the Southern District of Mississippi (5:11-cv-163(DPJ)(FKB)). Since Mora was housed at FCC Yazoo City at the time the Eleventh Circuit remanded the Florida proceeding, the Middle District of Florida transferred Mora's petition to this Court on July 17, 2012. This is the case presently before this Court (5:12-cv-98(DCB)(MTP)). On July 27, 2012, Mora filed a second amended petition with this Court containing the same claims as his prior petition in the Middle District of Florida, but substituting as respondent the Warden of FCC Yazoo City.

Mora has filed several motions challenging the terms of his supervised release. The Government has responded in opposition to those motions, arguing, inter alia, that the petition should be dismissed based on res judicata grounds and because the petitioner has not stated a constitutional violation. In response, the petitioner argues that res judicata does not apply because the present case (originally filed in the Middle District of Florida in February of 2011 and transferred to this Court in July of 2012) was filed before Mora v. Warden FCC Yazoo City, No. 5:11-cv-163(DPJ)(FKB)(filed in the Southern District of Mississippi in November of 2011), and therefore should take precedence.

As Magistrate Judge Parker points out, however, the date a

4

case is filed does not determine whether it should be given <u>res judicata</u> effect.  Instead, the <u>res judicata</u> effect of a case is determined by looking to the issues and parties involved in that case, whether the court entering judgment had proper jurisdiction, and whether that judgment was final and on the merits.

The dispositive issues in this case are whether the BOP wrongly classified Mora as a sex offender based on incorrect information in his PSR, and whether Mora can pursue a claim for relief from the alleged erroneous classification under § 2241. These exact issues were already presented to and resolved by the court in Mora v. Warden FCC Yazoo City, No. 5:11-cv-163(DPJ)(FKB). That judgment became final, with <u>res judicata</u> effect, on March 19, 2012, when the Fifth Circuit dismissed Mora's appeal for want of prosecution.  "Claim preclusion, or <u>res judicata</u>, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."  <u>In re Southmark Corp.</u>, 163 F.3d 925, 934 (5th Cir. 1999)(citing <u>Super Van Inc. v. San Antonio</u>, 92 F.3d 366, 370 (5th Cir. 1996)).  To determine the preclusive effect of a prior federal court judgment, federal courts apply federal law.  <u>Jackson v. FIE Corp.</u>, 302 F.3d 515, 529 n.58 (5th Cir. 2002) (citing <u>Avondale Shipyards, Inc. v. Insured Lloyd's</u>, 786 F.2d 1265, 1269 n.4 (5th Cir. 1986)).  Under Fifth Circuit precedent, <u>res judicata</u> applies if:

> (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of

>competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits .... If these conditions are satisfied, res judicata prohibits either party from raising any claim or defense in the later action that was or could have been raised ... in the prior action.

Swate v. Hartwell, 99 F.3d 1282, 1286 (5th Cir. 1996)(citing United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994)). Dismissing a complaint based on lack of jurisdiction does not adjudicate the merits of the case; however, "it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." Boone v. Kurtz, 617 F.2d 435, 436 (5th Cir. 1980)(affirming the district court's dismissal under res judicata of a complaint raising claims that had been dismissed for lack of jurisdiction in a previously filed case); see also Ins. Corp. of Ireland, 456 U.S. 694, 702 n.9 (1982)("It has long been the rule that principles of res judicata apply to jurisdictional determinations – both subject matter and personal").

As Magistrate Judge Parker finds, the conditions for res judicata are fulfilled in this case. The parties are identical to those in Mora v. Warden FCC Yazoo City, No. 5:11-cv-163(DPJ)(FKB). The petitions in both cases contain the same claims and arguments. The court in the original action had competent jurisdiction, and the judgment in that case is final. The ruling in the original action was twofold: (1) that § 2241 was not the proper statute

under which Mora could assert his claim, and he did not meet the savings clause; and (2) that the court lacked jurisdiction to consider the petition under § 2255.  Thus, the ruling in Mora's prior case may be considered as a dismissal based on lack of subject matter jurisdiction rather than a judgment on the merits of the case.  However, under either consideration, res judicata or collateral estoppel applies to bar a second lawsuit on the same issues.

As Magistrate Judge Parker notes, the doctrine of res judicata applies to jurisdictional determinations as well as rulings on the merits.  Accordingly, res judicata precludes any argument that the BOP incorrectly classified Mora as a sex offender based on incorrect information in his PSR; and it precludes any argument that Mora can pursue relief from this alleged error under § 2241.  Moreover, the doctrine of res judicata not only bars the actual claims raised in the original action, but also the claims and defenses that could have been raised in the prior case.  As a result, the petitioner's motion for the Court to construe his petition under § 2201 shall be denied.  The petitioner does not challenge the fact or duration of his confinement; therefore, as the court held in Mora v. Warden FCC Yazoo City, No. 5:11-cv-163 (DPJ)(FKB), subject matter jurisdiction does not exist under § 2241.

The petitioner has also moved for an injunction to prevent him

from being required to attend sex offender treatment while incarcerated.  However, Mora was released from federal custody on March 22, 2013.  Therefore, his motion for injunctive relief against the Warden of FCC Yazoo City shall be denied as moot.

In his Objection to the Report and Recommendation, Mora reiterates his position that Mora v. Warden FCC Yazoo City, No. 5:11-cv-163 (DPJ)(FKB)(filed in the Southern District of Mississippi in November of 2011) was filed <u>after</u> Mora v. Warden FCC Yazoo City, No. 5:12-cv-98(DCB)(MTP)(originally filed in the Middle District of Florida in February of 2011 and transferred to this Court in July of 2012), and therefore cannot be given <u>res judicata</u> effect.  For the reasons set forth above, this argument is rejected.

Mora also urges the court to transfer this action to the United States District Court in Norfolk, Virginia. The respondent, Archie Longley, Warden of FCC Yazoo City, opposes petitioner's request for a transfer on grounds that this case is ripe for a final judgment.

"Transfer rather than dismissal is only to be made in the interest of justice." <u>Spriggins v. F.D.I.C.</u>, 683 F.Supp. 163, 165-66 (N.D. Tex. 1988)(citing <u>Wood v. Santa Barbara Chamber of Commerce</u>, 705 F.2d 1515, 1523 (9th Cir. 1983)).  It would not be in the interest of justice to transfer this case in view of the bar of <u>res judicata</u>.  See <u>Perry v. United States</u>, 225 Ct.Cl. 610 (1980);

8

<u>Jackman v. Cohill</u>, 2010 WL 1873054, *1 (N.D. Ohio, May 7, 2010).

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry 105)** of Magistrate Judge Michael T. Parker is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that petitioner's motion for injunction **(docket entry 43)**, motion for summary judgment **(docket entry 66)**, motion against government's claims of <u>res judicata</u> **(docket entry 72)**, amended motion for summary judgment **(docket entry 74)**, and motion for case to be construed pursuant to 28 U.S.C. § 2201 **(docket entry 91)** are DENIED;

FURTHER ORDERED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DENIED with prejudice.

A final judgment in accordance with this Order will be issued this date.

SO ORDERED, this the 4th day of September, 2013.

/s/ David Bramlette<br>
UNITED STATES DISTRICT JUDGE